IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 96-50180
Summary Calendar

_____


UNITED STATES OF AMERICA,

                                    Petitioner-Appellee,

                        versus

TRACT NO. EIGHTY-ONE (81) OF SUNRISE
ACRES RECORDED IN VOLUME 2, PAGES
346-348 OF HAYS COUNTY DEED RECORDS,
HAYS COUNTY, TEXAS, ET AL.,

                                    Respondents,

JOSE LEON GONZALEZ-LONGORIA,

                                    Claimant-Appellant.


_____

        Appeal from the United States District Court for
                the Western District of Texas
                       (A-93-CV-341)
_____
                      October 21, 1996

Before REAVLEY, BARKSDALE and DENNIS, Circuit Judges.

PER CURIAM:[*]

---

     [*] Pursuant to Local Rule 47.5, the court has determined
that this opinion should not be published and is not precedent
except under the limited circumstances set forth in Local Rule
47.5.4.

Jose Leon Gonzalez-Longoria appeals a judgment granting forfeiture to the government of a tract of real estate and two mobile homes.  We affirm for the following reasons.

The government established through sworn evidence probable cause to seize the properties.  Once the government establishes probable cause the burden shifts to the claimant to prove that the factual predicates for forfeiture have not been met or that a defense to forfeiture applies.  *United States v. 1988 Oldsmobile Cutlass Supreme 2 Door*, 983 F.2d. 670, 674 (5th Cir. 1993).  In this case the government sought forfeiture under 21 U.S.C. § 881(a)(6) (proceeds traceable to illegal drug funds) and 18 U.S.C. § 981 (property involved in or traceable to money laundering).  Gonzalez-Longoria raised no valid defense to forfeiture.  For example he made no argument and offered no evidence, in the district court or on appeal, that the predicate acts were committed without the knowledge or consent of the owner.  *See* 21 U.S.C. § 881(a)(6); 18 U.S.C. § 981(a)(2).

Gonzalez-Longoria complains that his Fifth Amendment privilege against self-incrimination was violated because, as "a defendant in both a civil and criminal case," he was forced to "choose between waiving his privilege against self-incrimination, or losing the civil case . . . ."  He cites no compelling authority for this proposition under the circumstances here.  He

was tried, convicted and sentenced in the related criminal matter before the government filed suit in this civil proceeding.

A party seeking to challenge the government's forfeiture of property must demonstrate an interest in the property sufficient to establish standing, and property may be forfeited where the only claimant is unable or unwilling to provide evidence supporting his assertion of an interest in the property. *United States v. $321,470.00, United States Currency*, 874 F.2d 298, 303 (5th Cir. 1989). The burden of establishing standing in a forfeiture action is on the claimant. *Id*. at 302. Initially, a claimant to property that is the subject of an *in rem* forfeiture proceeding must timely file a verified claim of an interest in the property. *United States v. $38,570 U.S. Currency*, 950 F.2d 1108, 1113-14 (5th Cir. 1992). Gonzalez-Longoria never filed a verified claim, and did not file his first paper in this action, his "Fifth Amendment Property Owner, Jose Leon Gonzalez-Longoria's Motion for the District Court to Dismiss Forfeiture Proceedings Pursuant to Fifth Amendment Double Punishment Constitutional Bar," until over nine months after he was served with the complaint.

We do not believe that Gonzalez-Longoria's blanket assertion of the privilege against self-incrimination relieved him of the burden of pleading and establishing an ownership interest in the property. *See United States v. Rylander*, 460 U.S. 752, 758

3

(1983) (assertion of the privilege is not "a substitute for evidence that would assist in meeting a burden of production," and does not free the party asserting privilege "from adducing proof in support of a burden which would otherwise have been his."); *United States v. Little Al*, 712 F.2d 133, 135 (5th Cir. 1983) (blanket assertion of privilege against self-incrimination does not relieve party's burden of controverting government's affidavits in forfeiture action).

Moreover, even if the assertion of the Fifth Amendment privilege relieved Gonzalez-Longoria of what otherwise would have been his burden of showing an ownership interest in the property, this claim of privilege at most grants him standing. Even if we confer standing on Gonzalez-Longoria, the government was nevertheless entitled to forfeiture, since it established probable cause and Gonzalez-Longoria failed to plead or offer any evidence of a valid defense to the forfeiture on the merits.

Gonzalez-Longoria claims that the civil action constitutes double jeopardy in light of the prior criminal proceeding. This argument was rejected in *United States v. Ursery*, 116 S. Ct. 2135 (1996), which held that civil *in rem* forfeitures under §§ 881 and 981 -- the same forfeiture statutes at issue in our case -- are not "punishment" under the Double Jeopardy Clause and hence do not constitute double jeopardy.

4

Gonzalez-Longoria claims that the government violated FED R. CRIM. P. 7, which concerns pleading requirements for indictments seeking criminal forfeiture. There is no merit to this argument. The government brought a separate civil forfeiture action here which is not subject to the Federal Rules of Criminal Procedure, as it was allowed to do under the civil statutes discussed above.

AFFIRMED.